In the Court of Criminal Appeals
Austin, Tx.

to Supplement Petition for Discretionary Review **

Joe Angel Acosta III
Petitioner Pro se
v.
The State of Texas
respondent

PD-1323-14

Petitioner respectfully asks the court to supplement my petition for Discretionary Review filed December 5th 2014. I am an administrative segregation prisoner and am subject to the "indirect access" policies of the TDCJ - restricting me to only 3 cases, 3 times a week - minus holidays. Unlike general population inmates who can go to law library and review multiple cases/codes/statutes and consult with others - my access is highly restrictive and prevents adequate preparation of legal documents.

This is not an amendment. This is only support my claims in original petition in order to comply with Tx. Rule. App. Proc 38.1 and to avoid dismissal in the intrest of Justice.

This supplements Ground 1 - only. I am unable to supplement the rest at this time, due to not having access to law library.

The state was required to prove beyond a reasonable doubt ① A knife was used and ② It was a deadly weapon. (Jackson v. Virginia 99 S.Ct 2781; Brooks v. State 323 S.W.3d 893). The preponderance of the evidence standard is inadequate (Zuniga v. state 144 S.W. 3d 477).

The only mere modicum of evidence the state relied upon as to the existence of a knife, was Moreno's testimony. The record shows Moreno never saw a knife and that she testified to a knife I used at work. To say this work knife was the alleged weapon used in this matter, is speculation and not sufficient to support a finding beyond a reasonable doubt (see Hooper v. State 214 S.W.3d 9).

The Court should take notice that the record shows I used many bladed instruments at work. (R.R. vol. 4 at 41-42). If theres no way for the jury to determine whether the object actually was a knife and not a box cutter or utility knife, for example, then it is said to give equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence and the verdict must be set aside (U.S. v. Jaramillo 42 F.3d 920).

This court has held that kitchen knives, utility knives, straight razors and eating utensils are different types of knives (Robertson v. State 163 S.W. 3d 730) The state is bound by its allegations in the indictment (Johnson v State 673 2d 190) If the court accepts Morenos testimony sufficient for a rational fact-finder to determine a work knife was used, then it must accept the possibility of use of any of the objects I use at work.

Moreno testified to a "Pocket-knife" I used at work. This does not say whether it was a fixed blade or one where the blade must be opened, or if the blade is adjustable. A utility knife or box cutter can be carried in a pocket and some even open like a pocket-knife. But the blade is different. There is a distinction. Describing an object generally as a knife, does not satisfy the burden of proof, without more. (see Blain v. State 647 S.W.2d 293).

Here, there was no description of the work knife- other than "little blade - pocket knife". And that it was silver and black. my P.D.R. asks what is little? and now I ask what was silver? and what was black? A utility knife used for roofing would likely have black on the silver blade from roofing material. And blades of knives, box cutters, etc all come in different colors. Not all blades are silver. And was the blade pointed or blunt? Was it a hook, or other oddly shaped blade? Was the blade flimsy or stout?

The fact-finder had nothing to prove this work knife even was a knife. This mere modicum of evidence could also support a finding that some other bladed instrument other than a knife could have been used. In this case, a reasonable jury must necessarily entertain a reasonable doubt. (See U.S v. Lopez/Urbina 434 F.3d 750).

The record shows no one saw a knife. The victim was cut with something sharp. A rational juror could also speculate that I had a ring with a sharp edge somewhere, or that I had a razor blade, a piece of glass, something I picked up off the street just before reaching the driver side. Anything could have caused the wound. This court has held if there is a reasonable hypothesis other than guilt, it can not be said that guilt has been established beyond a reasonable doubt. (Earhart v State 823 S.W.2d 607). Anything other than a knife is innocence in this case. This court has also held that if the evidence at trial presents

page 1 of 3

a reasonable hypothysis other than guilt, and the state does not disprove it, guilt beyond a reasonable doubt has not been proven and the evidence is insufficient to support a guilty verdict. (Brandley v. state 691 S.w.2d 699).

Should this court accept Moreno's testimony sufficient to prove the existence of a knife in this case, then it must determine whether the knife was a deadly weapon. A knife is not a deadly weapon per se. (Blain v. state 647 S.w.2d 293, williams v. state 575 S.w.2d 30, Tx. penal code § 1.07 (a) (11) (B)) OR if the court were to decide that a utility knife or box-cutter, etc. qualifies as a knife in this case, those still are not deadly weapons per se (Thomas v. state 821 S.w.2d 616).

When the state alleges use of a deadly weapon, not deadly per se, it must prove beyond a reasonable doubt that the weapon was used in a manner capable of causing serious bodily injury or death. (Jefferson v. state 974 S.w.2d 887). When the alleged does not cause serious bodily injury or death, the state must provide evidence showing it was both capable, and used in a manner which establishes the intent to cause serious bodily injury or death - the object will not qualify unless actually used or intended to be used to cause death or serious bodily injury. (Tx. penal code § 1.07 (a) (17) (B), Tx. penal code § 22.02 (a) (2), Bailey v. state 7 s.w.3d 721.)

My P.D.R. points out that the manner of use is in question. (P.D.R. at 3). Morenos testimony shows one manner of use, while the victims' shows another. The victims version shows an intent to damage his vehicle which is an invalid theory of the offense charged. Morenos testimony could be so to infer intent to harm the victim, which is a valid theory of the offense charged. It is impossible to tell whether the fact-finder relied on the invalid theory to convict, thus the verdict must be set aside. (U.S. v. Yates 77 S.Ct. 1064).

But niether version proves beyond a reasonable doubt a deadly weapon was used. The only testimony about the alleged weapon, came from moreno. As stated earlier, her testimony does not sufficiently describe the size or shape of the blade, or the physical characteristics. There was no facts, mk, drawing or photographic image for the fact-finder to decide if it was in fact a knife, or something else. And there, was no way for the fact-finder to decide if it was deadly, because without an adequate description- you can not know how a certain object could become deadly through its manner of use.

For example, if the weapon was a box-cutter with a square blade, 1 inch long. You can not stab someone with it. You are limited to slashing or cutting. And you would have to cut a specific artery or vital area to cause serious bodily injury or death. Most box-cutters, like the one I testified about (R.R. Vol. 4 @ 41-42), have a bracket the blade fits into, to hold it in place and does not allow deep cuts. It's designed to cut through a certain thickness (card-board). You would actually have to hold a person still to cut his jugular vein. Otherwise, a random cut would at the most, be limited to the size of the bracket holding the blade.

A deadly weapon analysis in this case would be based on speculation. Since the court must decide on which version actually occured, before conducting a deadly weapon analysis, the court must examine the facts as they exist at the time. (Drichas v. state 175 s.w.3d 795).

According to testimony of the victim and moreno, the evidence shows no weapon was ever exhibited. And there were 3 people in the truck. The court should note that this 3rd person (an adult) never testified either at my first or second trial. The windows are tinted (sx-10) and it was dark with no light. (R.R. vol. 3 @ 25). The victim testified he leaned into the middle passenger as my hand came in. (R.R. vol. 3 at 37). Moreno could not possibly see an object in my hand. Moreno testified she only saw my hand go in and out. They drove off, Then she looked after her daughter yelled. She didn't even know he was cut. (R.R. vol. 4 @ 30). But the state relies on her testimony to determine a knife was used and it was deadly weapon.

Only evidence which is sufficient in character, weight and amount to justify a fact finder in concluding that every element of the offense has been proven beyond a reasonable doubt, is adequate to support a conviction. (Griego v. state 331 s.w.3d 815) The only testimony about a knife came from Moreno. And it was only by leading by the state. (R.R. vol. 4 at 31). The record shows that that testimony was false, because there never was a detective Garcia in this case. The knowing use of false evidence is prosecutoral misconduct. (U.S. v Bagley 105 S.Ct. 3375). The record shows the misconduct interfered with

the trial process to such a degree that defendant was deprived of fundamental fairness and Due process of law. (Arizona v. Fulminate 111 Sct 1246; Clark v. State 365 S.W.3d 333). The duty to correct false or misleading testimony is a constitutional requirement. (Duggan v. State 778 S.W.2d 465). A conviction procured through the use of false testimony is a denial of Due process. (Ex Parte Ghareman 332 S.W.3d 470). This testimony about "the knife" was material and affected the Judgement of the fact-finder. (Ex Parte Robbins 360 S.W.3d 446).

The state also told the Jury a box-cutter could be a knife, or any bladed instrument (R.R. Vol. 4 at 61). The state is required to prove beyond a reasonable doubt the essential elements of a crime and specific details charged in the indictment, if the details are descriptive of any essential element. Tx. Code of Crim. Proc. 38.03; Uribe v. State 7 S.W.3d 294). The state had to prove it was a knife and it was deadly. Use of any other object constitutes innocence.

As stated earlier, a conviction must be vacated if a legally invalid theory was submitted to the Jury. (U.S. v. Yates 77 Sct 1064). The Jury could not convict if it was a box-cutter or other bladed instrument. And it is impossible to know what they chose as to the weapon or manner of use.

Under Jackson v. virginia evidence is insufficient if ① The record contains NO evidence probative of an element ② the record contains a mere modicum of evidence probative of an element ③ the evidence conclusively establishes a reasonable doubt ④ the acts alleged do not constitute the offense charged.

Here, the record contains only a mere modicum of evidence probative of the element of a knife (Morenos testimony). Reasonable doubt exists as to the knife and the manner of use. And the victims testimony does not constitute the offense charged. The state, itself pointed this out to the Jury (R.R. Vol. 4 at 63), saying "MR. Dee's testimony is correct."

The Jury was not rational, and the trial court abused its discretion in denying the motion for directed verdict, because no reasonable view of the record supports its ruling. (Rilley v. State 378 S.W.3d 453). The appellate court reviews de novo. (Guzman v. State 955 S.W.2d 85). If given all evidence, a rational Jury would necessarily entertain reasonable doubt. Due process Gaurantee, requires that appellate court reverse and order a Judgement of aquittal. (Alvarado v. State 912 S.W.2d 199).

## Certificate of Service

I, Joe Angel Acosta III, presently incarcerated in the Clements unit of the Texas Department of Criminal Justice - Institutional division - Potter County, Tx - attests under the penalty of perjury that the foregoing 3 page motion to supplement petition for Discretionary Review was served to: ① MR. Abel Acosta-Clerk-Texas Court of Criminal Appeals - P.O. Box 12308-Austin, Tx 78711 ② MR. Adolfo Aguilo Jr. Nueces County Assistant District Attorney - 901 Leopard, Room 206-Corpus Christi, Tx 78401 ③ State Prosecuting Attorney - P.O. Box 12405-Austin, Tx 78711 - via u.s. mail, today January 26, 2015.

Joe Angel Acosta III
#1844468 - Clements Unit
9601 SPUR 591
Amarillo, Tx. 79107

petitioner Pro Se.

